# IN THE COURT OF APPEALS OF IOWA

No. 20-1528
Filed May 26, 2021

**IN THE INTEREST OF K.B.,**
**Alleged to be Seriously Mentally Impaired,**

**K.B., Respondent,**
    Appellant.
_____

Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.

K.B. appeals the district court's order dismissing his appeal from a magistrate's order continuing his commitment under Iowa Code chapter 229 (2020). **APPEAL DISMISSED.**

Elizabeth M. Wayne of Papenheim Law Office, Parkersburg, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

K.B. is an adult with a history of mental-health services.[1]  In 2013, he was civilly committed.  He was originally ordered to engage in inpatient treatment.  But in 2016, he progressed to outpatient treatment.

On July 1, 2020, K.B.'s provider filed a progress report.  The report stated K.B. "[h]as not been attending appointments as he refuses to have a phone call appointment due to COVID-19.  Scheduled to return [July 20]."  The report recommended continued outpatient treatment.  The next day, a magistrate approved the report and ordered continued treatment.  K.B. then requested a hearing "on the report and order."  On July 22, the magistrate held a review hearing.  At the hearing, K.B. objected to the provider's report and his continued commitment.  On August 26, the magistrate entered an order continuing K.B.'s commitment to outpatient treatment.  On September 11, K.B.'s attorney filed a notice of appeal to the district court.  On November 1, the district court dismissed K.B.'s appeal as untimely under Iowa Code section 229.21(3)(a) (2020).

K.B. now appeals the district court's order.  He claims the district court erred in dismissing his September 11 appeal.  And the magistrate erred in continuing his involuntary committal.

Before we can consider the propriety of K.B.'s continued commitment, however, we must verify our jurisdiction.  Indeed, a "court's first duty is to determine" if it has "jurisdiction to entertain and decide a case on its merits."  *In re*

---

[1] This is a companion case to *In re K.B.*, No. 20-1255, ____ WL _____ (Iowa Ct. App. May 26, 2020).

*B.T.G.*, 784 N.W.2d 792, 795 (Iowa Ct. App. 2010) (citation omitted). If a court lacks subject matter jurisdiction, it must dismiss. *Id.*

Here the State argues the district court lacked subject matter jurisdiction—and, by extension, so do we—because K.B. failed to timely appeal the magistrate's order. We agree. Under section 229.21(3)(a), K.B. was required to file his notice of appeal "within ten days after" the magistrate's order. Although the magistrate's order was entered on August 26, K.B.'s attorney did not file a notice of appeal until September 11. Because the notice was not filed within the statutory time frame, the district court lacked subject matter jurisdiction. And so do we. *Id.* at 796 (holding because applicant failed to timely file appeal "district court lacked subject matter jurisdiction" to consider merits and "we in turn have no jurisdiction to consider the merits").

K.B. notes that the magistrate's order did not include a notice of the ten-day appeal period as required by section 229.21(3)(b). From this, K.B. infers he "should have been allowed to continue with his appeal, even though it was filed after the deadline." But K.B. offers nothing more to support this conclusion. He cites no authority for the proposition that omission of the notice could eliminate the ten-day deadline.[2] And we decline to research the issue on his behalf. Instead, we consider the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., specially

---

[2] We note K.B. does not argue a delayed appeal should be allowed because this is one of those "limited . . . instances where a valid due process argument might be advanced should the right of appeal be denied." *See In re A.B.*, 957 N.W.2d 280, 290 (Iowa 2021) (citation omitted).

concurring) ("The failure to make more than a perfunctory argument constitutes waiver.").

Because we lack subject matter jurisdiction, we must dismiss.

**APPEAL DISMISSED.**